UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA FORTSON,

                Plaintiff,

                                      Case No. 12-cv-10043

v.

                                        HON. GEORGE CARAM STEEH

FEDERAL HOME LOAN MORTGAGE
CORPORATION, et al.,

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.    Introduction

Plaintiff, Teresa Fortson, filed this suit against defendants, Federal Home Loan Mortgage Corporation and Wells Fargo, N.A. (defendants), to challenge the foreclosure of a mortgage that encumbered property located at 26316 Woodingham Drive, Warren, Michigan 48091.  Plaintiff brings six claims: Breach of mortgage contract, count I; quiet title, count II; fraud, count III; wrongful foreclosure, count IV; defendants are not the real parties in interest, count V; and slander of title, count VI.

Presently before the court is defendants' motion to dismiss and/or for summary judgment.  A hearing was held on April 4, 2012.  For the reasons that follow, defendants' motion to dismiss and/or for summary judgment is granted and this action is dismissed.

### II.    Factual Background

On or about July 28, 2006, plaintiff received a $132,800.00 residential mortgage loan from Taylor, Bean & Whitaker Mortgage Corporation (Taylor Bean).  The note was

endorsed in blank.  As security for repayment of the loan, plaintiff executed a mortgage.

On August 23, 2006, the mortgage was recorded with the Macomb County Register of

Deeds in Liber 18100, Page 860.  The mortgage named Taylor Bean as the lender.  The

mortgage also states that it is given to Mortgage Electronic Registration Systems, Inc.

(MERS) as the "nominee for Lender."  The Mortgage granted MERS the power of sale of

the property in the event of plaintiff's default.  The mortgage also states:

> Borrower understands and agrees that MERS holds only legal title to the
> interests granted by Borrower in this Security Instrument, but, if necessary
> to comply with law or custom, MERS (as nominee for Lender and Lender's
> successors and assigns) has the right to exercise any or all of those
> interests, including, but not limited to, the right to foreclose and sell the
> Property, and to take any action required of Lender, including, but not limited
> to releasing or canceling this Security Instrument.

On October 17, 2008, MERS assigned the mortgage to Wells Fargo.  The assignment was

recorded with the Macomb County Register of Deeds on November 6, 2008.

Plaintiff defaulted on the loan by failing to make her payments when they came due.

Consequently, as provided in the mortgage, Wells Fargo started foreclosure proceedings

by advertisement.  On December 10, 2010, the property was sold at a sheriff's sale.

Accordingly, the redemption period expired on June 10, 2011.

III.    Law & Analysis

A.    Standard of Review

1. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as

to whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R.

Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." <u>Ass'n of Cleveland Fire Fighters v. City of Cleveland</u>, 502 F.3d 545, 548 (6th Cir. 2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft</u> v. <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u>  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" <u>Id</u>. at 1950.

2.   Rule 56(a)

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is

-4-

no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

      3.   Defendants' motion to dismiss and/or for summary judgment

      The court agrees with defendants that plaintiff's claims are subject to dismissal because the redemption period has expired. Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Systems, No. 07-725429, 2009 WL 1507342, *1 (Mich. App. May 28, 2009). After redemption expires, the former owner has no standing to make claims with respect to the property. Id.; Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010); Moriarty v. BNC Mortgage, No. 10-13860, 2010 WL 5173830, *2 (E.D. Mich. Dec. 15, 2010).

      Here, all of plaintiff's rights in the property were extinguished when the redemption period expired on June 10, 2011, and she lacks standing to bring any claim with respect to the property. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or

irregularity." Overton, 2009 WL 1507342, at *1(emphasis added)(citing Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).

Additionally, plaintiff has not made a clear showing of fraud or irregularity sufficient to justify extension of the redemption period. Plaintiff argues that she has alleged fraud concerning the foreclosure based upon defendants' representations regarding their status as a note holder, mortgage holder and/or servicer of her loan. Plaintiff's fraud pleading does not include sufficient facts "to state a claim that is plausible on its face." Iqbal, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, plaintiff's fraud claim is facially implausible. The court cannot draw the reasonable inference that Wells Fargo intentionally misrepresented that it was the servicer of the loan so that plaintiff would rely on this misrepresentation, or more importantly, how plaintiff relied on this misrepresentation to her detriment. Plaintiff has not moved to amend her pleading under Rule 15, and as explained below, an amendment to include facts presented in Gregory Tyll's affidavit would make amendment futile.

Furthermore, plaintiff's argument that summary judgment is premature because she has not had a chance to complete discovery is without merit. Plaintiff has failed to provide this court with an affidavit detailing the discovery needed to respond to defendants' arguments and evidence. "[T]he non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) [now [d]] that details the discovery needed, or file a motion for additional discovery." Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F. 3d 619, 627 (6th Cir. 2002); see also, Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition, the court may . . . defer considering the motion or deny it . . . .")

Additionally, plaintiff is incorrect in her assertion that a non party has standing to challenge a mortgage assignment.  Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 2010 WL 4275305, No. 10-1782, 2010 WL 4275305, *4 (6th Cir. Oct. 28,  2010).  While the Livonia Properties Holdings court held that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid[, such as] nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment."  Id.  This exception to the rule occurs when an obligor has no protection "from having to pay the same debt twice."  Id.  Here, similar to the assignee in Livonia Properties Holdings, Wells Fargo has produced documentation that it is the rightful owner of the loan and had been assigned all rights therein prior to the initiation of foreclosure proceedings. Id.  Plaintiff cannot claim that Wells Fargo was not the rightful owner subjecting plaintiff to double liability on the debt, therefore she has no standing to challenge the assignment to Wells Fargo. Id.

A foreclosure completed by MERS or an assignee of MERS is permitted under the foreclosure by advertisement statute.  See Residential Funding Co., LLC v. Saurman, 490 Mich. 909, 909; 805 N.W.2d 183 (2011).  The Saurman court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because "it is the owner . . . of an interest in the indebtedness secured by the mortgage."  Id.  A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute.  See Bakri v. Mortgage Electronic Registration System, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011).  Here, MERS assigned the mortgage and note to Wells Fargo, which enforced its contractual rights by

foreclosing its mortgage interest when plaintiff defaulted under the loan. Plaintiff's argument that defendants falsely represented they were the owner and/or servicer is inaccurate. The evidence presented shows that Wells Fargo owned the note and mortgage. See Defs.' Mot. for Summ. J., Ex. 1-3. It also establishes that Feddie Mac was the servicer. Id., Ex. 4. In any event, Mich. Comp. Laws § 600.3204(1)(d) authorizes any owner of the indebtedness, or the servicer of the mortgage to foreclose.

Plaintiff's argument that MERS assigned her note to "a securitized Real Estate Mortgage Investment Conduit (REMIC) trust," which extinguished MERS ability to assign the mortgage is unsupported with any documentation other than the affidavit of Gregory Tyll, who supposedly performed an investigation of the mortgage and note concerning the subject property. See Plf.'s Resp., Ex. 3. Mr. Tyll claims that "[a]s per the Plaintiff's own documents this note was securitized by FreddieMac meaning the note and mortgage were sold to a REMIC trust." Id. Additionally, at the hearing on this matter, plaintiff argued that there is a factual dispute as to if, and when Wells Fargo took possession of the note. Plaintiff also asserted, although failed to include this argument in her responsive brief, that Wells Fargo was the trustee of the REMIC trust, therefore Wells Fargo had no interest in the subject property.

Neither Mr. Tyll's declaration, nor plaintiff's belated arguments create a question of fact as to whether this court may set aside the foreclosure due to fraud or irregularity in the foreclosure process. Mr. Tyll does not indicate what document he relies on in support of his bare assertion that MERS assigned the mortgage to a REMIC trust. Further, plaintiff does not provide any documentary support for her assertion that Wells Fargo was merely a trustee of the REMIC trust and not the owner of the indebtedness. Rather, the

documentary evidence produced by both plaintiff and defendants shows that the mortgage was assigned to Wells Fargo. Therefore, plaintiff's argument that the assignment to the REMIC trust extinguished any lien or interest in the property is without merit.

Plaintiff's contention that defendants violated paragraph 20 of the mortgage because the mortgage and note were separated is similarly without merit. That section provides, in relevant part: "The Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to the Borrower. . ." Plaintiff expressly authorized the assignment with language in the mortgage that was identical to language the Michigan Court of Appeals found authorized and validated the assignment by MERS in Bakri v. Mortgage Electronic System, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011).

In any event, the Michigan Supreme Court appears to reject plaintiff's contention that separation of the note from the mortgage invalidates the assignee's rights to foreclose:

> Under the settled law of this State, the mortgage and the note are to be construed together. The rule is well-settled that the mortgagee has a lien on the land to secure the debt. It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. The choice of a mortgagee is a matter of convenience. Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that only the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

Saurman, 490 Mich. at 909-10. Consistent with the Saurman decision, Wells Fargo had the right to receive the assignment of plaintiff's former mortgage, and to foreclose upon it when plaintiff defaulted under the loan. The separation of the note and the mortgage, if

true, did not extinguish Wells Fargo's mortgage on the subject property.  In any event, the note was endorsed in blank and therefore the note was assigned at the time Wells Fargo took possession of it.    See MICH. COMP. LAWS § 440.3205(2); Ensign v. Fogg, 177 Mich. 317, 324; 143 N.W. 82 (1913) (When a promissory note is endorsed in blank, it becomes payable to any bearer and it may be negotiated by transfer of possession alone until the note is specially endorsed.).

As to plaintiff's assertion that defendants violated the requirements of Mich. Comp. Laws § 600.3205a(1)(d) by failing to provide a list of housing counselors, this argument misstates the record.  Plaintiff relies on a pre-acceleration default notice that Wells Fargo sent to plaintiff following her loan default.  The actual notice complied with all of the requirements of Mich. Comp. Laws § 600.3205a(1)(a)-(e).  See Defs.' Mot. for Summ. J., Ex. 4.  Because the redemption period has expired, and plaintiff has failed to demonstrate any showing of fraud or irregularity in the foreclosure process, she has no standing to bring any of her claims with respect to the subject property.

IV.   Conclusion

Defendants' motion for summary judgment [#3] is GRANTED.

This action is dismissed.


Dated:  April 9, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-10-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 9, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk